## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Cherith R. Burger, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 8:24-4687-RMG |
| vs. | ) | |
| | ) | |
| Frank Bisignano, Commissioner of Social | ) | |
| Security. | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of Social Security denying her claim for disability insurance benefits ("DIB").   In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 DSC, this matter was referred to a United States Magistrate Judge for pre-trial handling.   The Magistrate Judge issued a Report and Recommendation ("R & R") on May 28, 2025, recommending that the Commissioner's decision be reversed and remanded for further proceedings. (Dkt. No. 14).   The Commissioner filed no objections to the R & R.

### Legal Standard

The Magistrate Judge makes only a recommendation to this Court.   The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.   *Mathews v. Weber*, 423 U.S. 261 (1976).   The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made.   The Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge.   28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one.   The Act provides that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."   42 U.S.C. § 405(g).   "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance."   *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964).   This standard precludes *de novo* review of the factual circumstances that substitutes the Court's findings of fact for those of the Commissioner.   *Vitek v. Finch*, 438 F.2d 1157, 1157 (4th Cir. 1971).

Although the federal court's review role is a limited one, "it does not follow, however, that the findings of the administrative agency are to be mechanically accepted.   The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action."   *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969).   Further, the Commissioner's findings of fact are not binding if they were based upon the application of an improper legal standard.   *Coffman v. Bowen*, 829 F.2d 514, 519 (4th Cir. 1987).

## Discussion

This is the second occasion in which this matter has come to this Court on an appeal from the denial of Social Security disability benefits to Plaintiff.   In both cases, the Administrative Law Judge (ALJ) found that Plaintiff suffers from several severe physical impairments, including fibromyalgia, lupus, degenerative disc disease and shoulder degenerative disc disease. (Dkt. No. 9-9 at 21).   In the prior appeal, *Burger v. Kijakazi*, C.A. No. 9:22-1894-RMG, Dkt. No. 10 at 19-24,   Plaintiff's counsel submitted a detailed brief laying out significant deficiencies in the ALJ's decision, including the inappropriate discounting of Plaintiff's subjective complaints regarding her fibromyalgia symptoms because there was a lack of supporting objective evidence in the record.

As Plaintiff's counsel correctly noted, the ALJ's discounting of Plaintiff's subjective complaints associated with fibromyalgia because of the lack of objective evidence was inconsistent with the Fourth Circuit's decision in *Arakas v. Commissioner*, 983 F.3d 83, 95-96 (4th Cir. 2020). Rather than file a response to the Plaintiff's brief, the Commissioner moved to remand the case to the agency for further review, to include providing "further consideration to the nature, severity, and limiting effects of Plaintiff's fibromyalgia and to "further evaluate Plaintiff's subjective complaints." (*Id.*, Dkt. 11). The Court granted the Commissioner's motion on January 6, 2023 and specifically ordered on remand further evaluation of Plaintiff's subjective symptoms of fibromyalgia and of the nature, severity and limiting effects of Plaintiff's fibromyalgia. (*Id.* at 13).

After remand, the ALJ conducted another administrative hearing and again issued an order discounting Plaintiff's subjective symptoms of fibromyalgia because of the lack of objective evidence in the record, in clear violation of *Arakas* and this Court's remand order. (Dkt. No. 9-9 at 27, 35-36). The Magistrate Judge noted in his R & R the ALJ's improper discounting of Plaintiff's subjective statements regarding her fibromyalgia because of the lack of objective evidence, in clear violation of *Arakas*. (Dkt. No. 14 at 17-18). It is, of course, clear error for an ALJ to deviate from a district court's remand order. *Sullivan v. Hudson*, 490 U.S. 877, 886 (1989).

The Fourth Circuit's decision in *Arakas* addressed the recurring problem with the Social Security Administration refusing to credit subjective complaints of pain of claimants in claims in involving fibromyalgia. The *Arakas* decision explained that fibromyalgia is a disease "whose symptoms are entirely subjective, with the exception of trigger point evidence." *Id.* at 96. Physical examination of fibromyalgia patients "will usually yield normal results–a full range of

motion, no joint swelling, as well as normal muscle strength and neurological reactions." *Id*. Consequently, *Arakas* held that "ALJs may not discredit a claimant's subjective complaints regarding fibromyalgia symptoms based on a lack of objective evidence." *Id*. at 97.   Moreover, the *Arakas* court held that "ALJs may not rely on objective medical evidence (or lack thereof)–even as just one of multiple factors–to discount a claimant's subjective complaints regarding symptoms of fibromyalgia . . . Objective indicators such as normal clinical and laboratory results simply have no relevance to the severity, persistence, or limiting effects of a claimant's fibromyalgia, based on the current medical understanding of the disease." *Id*.   Instead, "disability claimants are entitled to rely exclusively on the subjective evidence to prove the severity, persistence, and limiting effects of their symptoms."   *Id*. at 98.

Since the Fourth Circuit's decision in *Arakas*, this Court has continued to receive appeals denying Social Security disability benefits to claimants with fibromyalgia because of the lack of objective symptoms after the Court has reversed and remanded earlier decisions on the very same basis from the very same claimants.   See, *Sheppard v. O'Malley*, 2024 WL 5039057 (D.S.C. December 9, 2024); *Gilliam v. Commissioner*, 2024 WL 3219200 (D.S.C. June 28, 2024).   In both cases, the Court reversed the decisions of the Commissioner and remanded the matters to the agency with instructions to award benefits.

The Magistrate Judge further noted the inappropriate discounting of the opinions of Plaintiff's long treating physician, Dr. Rebecca Norris, as "unpersuasive" after she opined that due to Plaintiff's "chronic pain, joint stiffness, swelling, fatigue, and brain fog" she likely could not

sustain competitive work.   (Dkt. No. 9-7 at 354; 9-9 at 34). [1]  The ALJ was dismissive of the treating doctor's opinions, at least in part, because he assumed that "the claimant's subjective account influenced Dr. Norris' opinions."   (Dkt. No. 9-9 at 35-36).   This type of speculation by an ALJ frustrates proper disability review. *Woods v. Berryhill*, 888 F. 3d 686, 694 (4th   Cir. 2018) ("meaningful review cannot rest on . . . guesswork").[2]

The Court finds that the Magistrate Judge ably summarized the factual and legal issues in this matter and correctly concluded that the decision of the Commissioner should be reversed. The Court adopts the R & R of the Magistrate Judge (Dkt. No. 14) as the Order of the Court except regarding remedy, which the Court addresses below.

## Remedy

The only remaining issue is whether the Court should send this matter back to the agency for a second time for further administrative processing or remand the case with an order to award benefits.   The Court's general practice is to remand to the agency for further proceedings, but it is well settled that the Court has the authority to award benefits. 42 U.S.C. § 405(g).   An award of

---

[1]

Dr. Norris' opinion further stated that it was unlikely Plaintiff could sit for longer than two hours, would need unscheduled breaks every two hours, and would likely be absent more than four times per month due to her fibromyalgia and other severe impairments.   If credited, Plaintiff would clearly be disabled under the Social Security Act.

[2]

Another troubling aspect of the ALJ's order is its internal inconsistency regarding crediting or discrediting Plaintiff's subjective statements.   At one point the ALJ stated that Plaintiff's subjective complaints were "not entirely consistent" with the medical evidence and at another point stated that Plaintiff's statements "about the intensity, persistence, and limiting effects of her symptoms" were "wholly consistent with the record."   (Dkt. No. 9-9 at 27, 32).   Of course, the ALJ's statement that he discredited Plaintiff's subjective statements because they were inconsistent with the medical evidence was inappropriate under *Arakas*.

benefits by a district court is appropriate where, as here, the record is fully developed and it is clear that with the application of proper legal standards the Commissioner would be required to award benefits on remand. *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th  Cir. 2004); *Holohan v. Massanairi*, 246 F.3d 1195, 1210 (9th Cir. 2001);  *Brown v. Kijakazi*, 2021 WL 5276031 at \*2 (D.S.C. 2021).   It is notable that in *Arakas*, the Fourth Circuit directed the agency to award benefits once the testimony of the claimant's treating physician regarding the effects of her fibromyalgia were "properly credited."  983 F.3d at 112;  *see also Revels v. Berryhill*, 874 F.3d 648, 669 (9th Cir. 2017); *Greener-Younger v. Barnhart*, 335 F.3d 99, 108 (2d Cir. 2003).   If the opinions of Plaintiff's treating physician, Dr. Norris, were properly credited, Plaintiff is plainly entitled to an award of disability benefits.   An award of benefits is particularly appropriate under these facts where there has been a significant lapse of time in the administrative processing of a claim.   *Podedworny v. Harris*, 745 F.2d210, 223 (3d Cir. 1984).   The application for benefits was first filed on October 11, 2019 with an onset date of May 10, 2017.   (Dkt. No. 9-9 at 18, 21). After nearly six years of administrative processing and litigation and a failure to honor this Court's remand order and the controlling precedent of the Fourth Circuit in *Arakas*, the time to award benefits has now arrived.

## Conclusion

Based on the foregoing, the Court **ADOPTS** the R & R (Dkt. No. 14) as the Order of the Court, except for the remedy; **REVERSES** the decision of the Commissioner pursuant to Sentence Four of 42 U.S.C. § 405(g) and **REMANDS** the matter to the agency with instructions to **AWARD BENEFITS** from Plaintiff's onset date of May 10, 2017.

**AND IT IS SO ORDERED.**

<u>s/ Richard Mark Gergel</u>
Richard Mark Gergel
United States District Judge

Charleston, South Carolina
June 12, 2025